UTILITY FINANCIAL CORP., a Corporation, Appel-
lant, v. JOSEPH G. ROBERTS, Respondent.

No. 5835

January 2, 1970                           463 P.2d 481

*Guild, Guild & Cunningham,* and *David W. Hagen,* of Reno, for Appellant.

*John Peter Lee,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On November 12, 1964 Utility Financial Corp. loaned $51,500 to Douglas Spencer and Associates and Lee V. Potter. The obligation was evidenced by a promissory note secured by a deed of trust on certain real property in Clark County, Nevada, including Lots 1 through 21, of Block 27, Solar Sub-division No. 1. The deed of trust contained a partial release clause to the effect that individual lots of the property would be released upon payment of $750.00, plus interest, for each lot to be released provided the obligation was not in default.

Allegedly Spencer failed to make an installment payment on February 12, 1965. A few days after that date Joseph Roberts and Spencer negotiated a loan whereby Roberts would loan Spencer $48,000 to be secured by the 21 lots. They opened an escrow at First Title Insurance Company, at Las Vegas, for that purpose. As a condition of the loan Roberts required that he have first priority on the lots and that he wanted a title policy so insuring his first priority. The escrow company inquired by letter of Utility the amount Utility would require to pay off the 21 lots. After the written demand by First Title, Utility by its employee, Tom Horngren, wrote First Title that the amount necessary to pay in full the sums owing on the 21 lots was $15,750 principal, plus $350.84 interest, and a daily rate of $3.22. He made no mention then or thereafter that Utility considered Spencer's account as delinquent or in default. First Title sent Utility a check for the full amount

requested referring on the face of it to the "demand in full," which Utility accepted and deposited. Instead of releasing the 21 lots Utility applied the amount of the check to the Spencer account justifying their conduct on the premise that Spencer's obligation being in default, Utility was no longer obligated to grant partial releases to the lots. Roberts brought action to compel a conveyance or release from Utility of the 21 lots and to enjoin foreclosure proceedings by Utility against the lots.

The trial court found that neither Roberts nor First Title had knowledge of the purported delinquency existing between Spencer and Utility and that Horngren being in a position of authority, was authorized to advise of the amount due, which he did, and that Utility is estopped to deny the validity of Horngren's demand made upon the escrow company.

The exchange of correspondence between the escrow company and Utility afforded Utility ample opportunity to advise Roberts through the escrow company that Spencer's account with Utility was in jeopardy. We cannot permit their silence to lead Roberts into a position he did not intend nor contract to get into. Under these circumstances he had the right to rely upon their representation as to what the balance due was on the lots. Utility's failure to apprise him of the purported default bars them from refusing to abide by the partial release provision in the note and trust deed.

A long-established principle with respect to waiver and estoppel is that, through his conduct, a holder of a security instrument may induce others to believe an act upon the belief that he will not enforce it and, because of this, may be estopped from doing so as to them. In short, the nondisclosure by the lending institution induced the new lending parties to act upon it. In the absence of the knowledge that would have been material to the Roberts transaction, the failure of Utility to impart it cannot be used to Utility's advantage. Dagnino v. Home Federal Savings, 183 So.2d 846 (Fla.App. 1966); Orlando Orange Groves v. Davenport, 77 F.2d 148 (5th Cir. 1935).

The foregoing is the only issue the court deems determinative of this appeal.

Affirmed.

COLLINS, C. J., BATJER and MOWBRAY, JJ., and YOUNG, D. J., concur.